IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**BRUCE ALLEN GOWINGS,**

    **Plaintiff,**

vs.                                                    CIVIL ACTION NO. 5:23-CV-00409

**ROBYN CLARK,** *Mental Health Registry Specialist*, **PEPPER ARROWOOD,** *Family Court/Mental Hygiene Services Manager*, **LISA TACKETT,** *Director-Division of Court Services*, **KAYLA HUTCHISON**[1], *Mental Health Registry Specialist*,

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are the ***Defendants' Motion to Dismiss Plaintiff's Complaint*** and its accompanying ***Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Complaint*** (ECF Nos. 31, 32). By Standing Order entered on May 25, 2023, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 2) Having examined the ***Complaint*** (ECF No. 1)[2], the additional pleadings of record and pertinent

---

[1] Based on the Defendants' Motion, it appears the Plaintiff indicated an incorrect spelling of Defendant Hutchison's name. Specifically, it appears that the correct spelling is "Hutchinson" instead of "Hutchison." Accordingly, the Clerk is **DIRECTED** to revise the Docket Sheet to reflect "Kayla Hutchinson, Mental Health Registry Specialist" as a defendant and terminate "Kayla Hutchison, Mental Health Registry Specialist."

[2] Though the Plaintiff twice amended his Complaint prior to the filing of any answer or response by the Defendants, the undersigned refers to the factual allegations as contained in the original Complaint, as these were not modified whatsoever, as the Plaintiff only changed the name of one of the named Defendants and that he is suing Defendants Clark and Hutchinson in their individual capacities only and Defendants Arrowood and Tackett in both their individual and official capacities. (See ECF No. 25) In his second amended Complaint, the Plaintiff neglected to include the page concerning his request for relief, accordingly, the undersigned refers to the original and/or first amended Complaint, which are identical (See ECF Nos. 1 and 20 at 5).

legal authority, the undersigned has concluded that the *Motion to Dismiss* should be **GRANTED** for the reasons stated *infra*:

### Plaintiff's Factual Allegations

The Plaintiff has asserted claims under 42 U.S.C. § 1983 that includes deprivation of his Second Amendment right to possessing a firearm and Fourteenth Amendment right to due process. (ECF No. 1 at 3) The Plaintiff alleges that on September 1, 2009, a probable cause hearing was held in Lewisburg, West Virginia at the Seneca Health Services, pursuant to an application for involuntary custody for mental health examination filed by the Plaintiff's mother. (Id. at 4) The presiding mental hygiene commissioner ordered the Plaintiff's transport to the Beckley Area Regional Hospital for an examination, and he was subsequently discharged on September 7, 2009. (Id.) The attending physician recommended that the Plaintiff attend Alcoholics Anonymous and was diagnosed with "Acute on chronic alcoholism" and "Alcohol-induced mood disorder", but there was no accompanying certificate by a licensed examiner or voluntary treatment agreement with his discharge. (Id.)

The Plaintiff became aware that he was prohibited from possessing a firearm in early May 2020 when he was denied a gun purchase from an authorized dealer. (Id.) The Plaintiff also became aware when appealing to the FBI National Instant Criminal Background Check System (NICS) that he was placed on the Central State Mental Health Registry on March 17, 2017 without any notification of this adverse administrative action; the Plaintiff asserts he has "no direct evidence of the individuals directly responsible for placing [his] name on the Mental Health Registry other than those individuals who are officially involved in the administration of the registry at the Division of Court Services of the Supreme Court of Appeals." (Id.)

For relief, the Plaintiff asks this Court to: dismiss case number 09-MH-62 in the Greenbrier

County Circuit Court; to remove the Plaintiff's name and "details" from the Central State Mental Health Registry; to notify NICS immediately once the Plaintiff's information is removed from the Registry; and to award punitive damages and attorney's fees. (Id. at 5)

### Procedural History

On May 25, 2023, the Plaintiff, acting *pro se*[3], filed his Complaint pursuant to Title 42 U.S.C. § 1983. (ECF No. 1) On November 3, 2023, the Defendants filed their Motion to Dismiss and supporting Memorandum.[4] (ECF Nos. 31, 32) In accordance with the Roseboro notice issued by the undersigned (ECF No. 33), the Plaintiff filed his "Brief in Opposition to Defendant's Motion to Dismiss" (ECF No. 34) on November 17, 2023[5], on November 30, 2023, the Defendants filed their Reply in further support of their Motion to Dismiss (ECF No. 37). Consequently, this matter is fully briefed and ready for resolution.

### Defendants' Argument in Support of Dismissal

For starters, the Defendants Arrowood and Tackett argue they cannot be sued in their official capacities under Section 1983, and none of these Defendants can be sued in their individual capacities because the Plaintiff cannot demonstrate that any of them deprived him of his rights as endorsed under Section 1983. The Plaintiff has failed to show, and admits, that he lacks any evidence to plead how these Defendants committed any wrongdoing warranting this action.

---

[3] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[4] The Defendants previously filed a Motion to Quash Plaintiff's Purported Service of Process (ECF No. 17) which the undersigned granted (ECF No. 19); subsequently, the Plaintiff filed his Motion for Court Appointed Service of Summons (ECF No. 22) which the undersigned also granted, directing service effectuated by the United States Marshals Service (ECF No. 24).

[5] The Plaintiff also filed medical records in support of his Brief that the Court ordered to be sealed (ECF Nos. 34-1, 35).

Moreover, none of these Defendants have any authority or discretion to add names to the central state mental health registry, pursuant to the provisions under W. Va. Code § 61-7A-3. Finally, the Plaintiff's request for relief is inappropriate here, and should have been pursued in the Circuit Court of Greenbrier County, pursuant to W. Va. Code § 61-7A-5(a), but there is no indication in the pleadings that the Plaintiff has done so.

In sum, the Defendants ask the Court to dismiss Plaintiff's claims under Rule 12(b)(6) with prejudice.

**Plaintiff's Response in Opposition**

The Plaintiff asserts that he tried to avoid litigation and had engaged in extensive correspondence with the Defendants seeking a solution to these matters. He disputes that the Defendants here are non-responsible parties, and because the West Virginia Supreme Court of Appeals (WVSCA) receives federal funds through the NICS Act Record Improvement Program, the actions of the Defendants, especially Defendants Clark and Hutchinson as "Mental Health Registry Specialists", are "intrinsically linked to the issues at hand." The Plaintiff indicates the contractual relationship between federal, state, and local agencies, wherein such agencies, including the Defendants in their capacities as employees of the WVSCA, must ensure the accuracy and validity of information submitted to the NICS indices, as well as to ensure due process rights are protected.

The Plaintiff disagrees that he has a remedy to pursue his claims in State Court under W. Va. Code W. Va. Code § 61-7A-5 because he was not committed to a mental institution, but only committed to the custody of the Department of Health and Human Resources (DHHR) for a limited duration, and only for the purpose of an examination pursuant to a probable cause hearing. The

Plaintiff contends that he was not diagnosed with a "mental health disability" or "involuntarily committed for treatment"; further, the Plaintiff notes that one year prior to his wrongful inclusion in the registry, in 2016, the West Virginia statute was changed to the extent that individuals, such as the Plaintiff, were not to be included in the Registry who were involuntarily committed based solely on drug or alcohol addiction. In addition, the Plaintiff points out that under W. Va. Code § 27-5-9, his "involuntary hospitalization" or "custody for examination" did not alter or affect his civil rights and not to be construed as an adjudication.

The Plaintiff insists that Defendants Arrowood and Tackett are suable persons under Section 1983 pursuant to Edelman v. Jordan, 415 U.S. 651 (1974) because the Plaintiff seeks injunctive relief. Further, the Plaintiff asserts he has evidence, including email correspondence, which "establishes a direct link to the alleged deprivation of rights" and the Defendants' failure to disclaim responsibility supports the Plaintiff's argument.

The Plaintiff also reasserts that the Defendants' "role in managing or overseeing the Central State Mental Health Registry directly implicates them in the plaintiff's wrongful inclusion" and also the WVSCA's reception of federal funds under the NICS Improvement Act also "underscores their accountability in this matter."

The Plaintiff reasserts that the Defendants' suggestion of filing a petition to regain his right to possess firearms is misguided because that statute is for individuals who were formally committed to a mental institution following a final commitment hearing, which is inapplicable to the Plaintiff's case.

### Defendants' Reply in Support of Dismissal

The Defendants reassert their earlier arguments, but emphasize that Defendants Arrowood

and Tackett cannot be sued under Section 1983 in their official capacities despite the Plaintiff's argument he requests injunctive relief because controlling jurisprudence provides that only *prospective* relief, and the Plaintiff requests *retroactive* relief.

### The Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 554, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although factual allegations must be accepted as true for purposes of a motion to dismiss, this principle does not apply to legal conclusions. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 555, 127 S.Ct. at 1959.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W. Va. 2007) (citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)). Further, liberal construction

does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992).

## Discussion

As an initial matter, it is significant that the Plaintiff has conceded in his Complaint(s) that he has "no direct evidence of the individuals directly responsible for placing [his] name on the Mental Health Registry other than those individuals who are officially involved in the administration of the registry at the Division of Court Services of the Supreme Court of Appeals." Section 1983 claims provide a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally, to state and prevail upon a claim under 42 U.S.C. § 1983, a plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. The undersigned observes that the Plaintiff provides no factual support or even alleges any wrongdoing or misconduct by any of these Defendants which warrants dismissal of all these Defendants outright.

Moreover, the Plaintiff only provides "naked assertion[s]" for his claims against the Defendants, which is verboten pursuant to the jurisprudence espoused under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). To survive dismissal for failure to state a claim, the complaint must raise a right to relief that is more than speculative. Id. In other words, the complaint must contain allegations that are "plausible" on their face, rather than merely "conceivable." Id. at 555, 570. Plaintiff provides only mere speculation, or even wishful thinking, in support of his claims for relief.

As to the Plaintiff's disagreement that he has a remedy at law before the appropriate State Court, this alone does not confer jurisdiction to this Court. Despite the Plaintiff's request for relief, this Court has no authority to set aside or dismiss a 2009 case from the Circuit Court of Greenbrier County, West Virginia – only the Circuit Court of Greenbrier County, West Virginia can exercise such authority. See In re Genesys Data Techs., Inc., 204 F.3d 124, 127 (4th Cir. 2000). On that note, this Court also lacks authority under W. Va. Code § 61-7A-5 to order the Plaintiff's name and "details" removed from the Central State Mental Health Registry.

Notwithstanding the Plaintiff's alleged Section 1983 claims, the foregoing West Virginia Code Section clearly provides for the relief the Plaintiff seeks, and the Plaintiff may apply for same by way of petition to the circuit court of the county for an order dismissing the case and for the concomitant relief.[6]

---

[6] The Court should abstain from exercising jurisdiction given that the Circuit Court of Greenbrier County would be more familiar with the particular underlying proceedings of which the Plaintiff complains, notwithstanding his alleged

8

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Judge confirm and accept the foregoing findings and **RECOMMENDS** that the District Judge **GRANT** the ***Defendants' Motion to Dismiss Plaintiff's Complaint*** (ECF No. 31), **DISMISS** the Plaintiff's Complaint(s) (ECF Nos. 1, 20, 25) with prejudice, and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on any opposing parties, District Judge Volk and this Magistrate Judge.

---

issues surrounding certain constitutional rights. See generally, Mills v. Rogers, 457 U.S. 291, 305, 102 S.Ct. 2442, 2451, 73 L.E.2d 16 (1982). Further, abstention is appropriate as there is clearly a state statutory scheme and obvious state interest in unified decision making in mental hygiene jurisprudence. See, e.g., Burford v. Sun Oil Co., 319 U.S. 315, 327, 63 S.Ct. 1098, 1104, 87 L.Ed. 1424 (1973); see also, Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975)(recognizing Younger abstention applies to civil matters and longstanding judicial policy against federal interference with state proceedings based on doctrine of comity).

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to the *pro se* Plaintiff and to counsel of record.

ENTERED: November 30, 2023.

Omar J. Aboulhosn
United States Magistrate Judge