UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT BECKLEY

BRUCE ALLEN GOWINGS,

    Plaintiff,

v.                                                                        CIVIL ACTION NO. 5:23-cv-00409

ROBYN CLARK, *Mental Health Registry Specialist*,
KAYLA RANSBOTTOM, *Mental Health Registry Specialist*,
PEPPER ARROWOOD, *Family Court/Mental Hygiene
Services Manager*, and LISA TACKETT, *Director-Division
of Court Services*,

    Defendants.

**ORDER**

Pending are Defendants' Motion to Dismiss Plaintiff's Complaint and its accompanying Memorandum of Law in Support of Their Motion to Dismiss Plaintiff's Complaint [Docs. 31, 32], filed November 3, 2023. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on November 30, 2023. [Doc. 38]. He recommended the Court grant the Motion to Dismiss. Plaintiff Bruce Allen Gowings objected to the PF&R on December 14, 2023. [Doc. 39]. Mr. Gowings filed a third Motion to Amend the Complaint the same day. [Doc. 40]. Defendants responded in opposition to both filings on December 22, 2023. [Doc. 41].

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the

report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). "Importantly, objections need not be novel to be sufficiently specific." *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023). "[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) "If the grounds for objection are clear, district court judges must consider them de novo, or else run afoul of both § 636(b)(1) and Article III." *Elijah*, 66 F.4th at 460.

Magistrate Judge Aboulhosn concluded Mr. Gowings provided "only mere speculation, or even wishful thinking, in support of his claims for relief." [Doc. 38 at 8]. Mr. Gowings objects generally, but provides a 42 U.S.C. § 1983 and 12(b)(6) analysis. Magistrate Judge Aboulhosn, however, comprehensively addressed the factual allegations, the record, and the applicable standards. Mr. Gowings' general objection is a recital of the contentions raised in his Complaints. [Docs. 1, 20, 25]. He concedes there was no "direct" evidence of Defendants' wrongdoing, but insists there was "circumstantial evidence" to that effect. [Doc. 39 at 4]. As Magistrate Judge Aboulhosn correctly noted, however, (1) "Plaintiff provides no factual support or even alleges any wrongdoing or misconduct by any of these Defendants which warrants dismissal of all these Defendants outright", and (2) Plaintiff provides "naked assertions" for his claims against the Defendants. [Doc. 38 at 8]. These unassailable conclusions suffice for dismissal under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Further, as Magistrate Judge Aboulhousn explained, the Court "has no authority to set aside or dismiss a 2009 case from the Circuit Court of Greenbrier County . . . ." [*Id*.]. The Court,

2

additionally, is unable to remove Mr. Gowings' name and details from the Central State Mental Health Registry. [*Id.*].

In sum, Mr. Gowings' objections merely express a "general and conclusory" disagreement with the magistrate judge's findings of fact and conclusions of law. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The magistrate judge reached the correct result. Inasmuch as Mr. Gowings does not identify any specific, material deficiency in the PF&R, the objection is **OVERRULED**.

Respecting Mr. Gowings' third Motion to Amend his Complaint, Magistrate Judge Aboulhosn allowed two prior amendments, [Doc. 16, 24]. This third attempt is plainly futile. The Motion to Amend Complaint is thus **DENIED**.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 38**], **GRANTS** the Respondent's Motion to Dismiss [**Doc. 31**], **DENIES** Plaintiff's Third Motion to Amend Complaint [**Doc. 40**], and **DISMISSES** this case **WITH PREJUDICE**.

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party.

ENTER: May 15, 2024

Frank W. Volk
United States District Judge